DEAN S. KRISTY (CSB No. 157646)
dkristy@fenwick.com
JENNIFER BRETAN (CSB No. 233475)
jbretan@fenwick.com
ALISON C. JORDAN (CSB No. 311081)
ajordan@fenwick.com
JORDAN BRADFORD-SHIVERS (CSB No. 327461)
jbradford-shivers@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Attorneys for Defendants Chuck Robbins, Mark Chandler, Francine Katsoudas, Kelly A. Kramer, M. Michele Burns, Wesley G. Bush, Michael D. Capellas, Mark Garrett, Dr. Kristina M. Johnson, Roderick C. McGeary, Arun Sarin, KBE, Brenton L. Saunders, Dr. Lisa Su and Nominal Defendant Cisco Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD SANCHEZ, derivatively on behalf of CISCO SYSTEMS, INC. <br><br> Plaintiff, <br><br> v. <br><br> CHUCK ROBBINS, MARK CHANDLER, FRANCINE KATSOUDAS, KELLY A. KRAMER, M. MICHELE BURNS, WESLEY G. BUSH, MICHAEL D. CAPELLAS, MARK GARRETT, DR. KRISTINA M. JOHNSON, RODERICK C. MCGEARY, ARUN SARIN, KBE, BRENTON L. SAUNDERS, DR. LISA SU, and DOES 1-30, <br><br> Defendants. <br><br> —and— <br><br> CISCO SYSTEMS, INC., <br><br> Nominal Defendant. | Case No.: _____ <br><br> **DEFENDANTS' NOTICE OF REMOVAL** <br><br> (Santa Clara Superior Court Case No. 20CV370823) <br><br> Date Action Filed:  September 24, 2020 |

DEFS.' NOTICE OF REMOVAL                                                                                           Case No.: _____

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF EDWARD SANCHEZ, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendants Chuck Robbins, Mark Chandler, Francine Katsoudas, Kelly A. Kramer, M. Michele Burns, Wesley G. Bush, Michael D. Capellas, Mark Garrett, Dr. Kristina M. Johnson, Roderick C. McGeary, Arun Sarin, KBE, Brenton L. Saunders, Dr. Lisa Su and Nominal Defendant Cisco Systems, Inc. ("defendants"), by and through their undersigned attorneys, have removed the above-captioned action from the Superior Court of the State of California for the County of Santa Clara to the United States District Court for the Northern District of California. The removal is based on 28 U.S.C. § 1331 and 15 U.S.C. § 78aa. In support of removal, defendants state as follows:

## I. BACKGROUND

1. This shareholder derivative action was filed on September 24, 2020 by plaintiff Edward Sanchez ("plaintiff" or "Sanchez") in the Superior Court of the State of California for the County of Santa Clara, entitled *Sanchez v. Robbins et al.*, Case No. 20CV370823 ("the *Sanchez* Action"). Plaintiff purports to assert claims on Cisco's behalf for (1) breach of fiduciary duty, (2) aiding and abetting breach of fiduciary duty and (3) unjust enrichment, based on Cisco's public statements about its commitments to diversity and inclusion, which plaintiff claims were false and misleading. *See* Compl. ¶¶ 174-87. Plaintiff expressly alleges that defendants have "violated the federal proxy laws" (*id.* ¶¶ 17, 144), claims that Cisco's federal proxy statements were false and misleading (*id.* ¶¶ 17, 85-87, 98-100, 106, 113, 126, 144) and references or purports to quote from them throughout the Complaint (*id.* ¶¶ 13, 24-25, 60, 76, 85-86, 89-90, 92-94, 97-99, 102-06, 121-23, 126). Plaintiff seeks, among other relief, damages and a shareholder vote on several proposed corporate governance policies.

2. This action is substantially identical to another derivative suit (filed one-day earlier) allegedly brought on Cisco's behalf concerning the same proxy (and other) statements about diversity pending in the Northern District of California, entitled *City of Pontiac General Employees' Retirement System v. Bush, et al.,* No. 4:20-cv-06651-JST. That case, which is

pending before the Honorable Jon S. Tigar, was filed in this Court because plaintiff there recognized that cases containing allegations that defendants violated the federal proxy law (Section 14(a) of the Securities Exchange Act of 1934) must be brought in federal court. In an apparent effort to avoid federal court (where his case would be related to the earlier one pending before Judge Tigar), plaintiff has tried to file a duplicative suit in state court simply by not including a claim under Section 14(a) despite predicating his case on "violations of federal securities laws." Compl. ¶ 144. As explained below, such a tactic is not a basis for circumventing the federal court's exclusive jurisdiction over this duplicative case.

3. Indeed, the suit here also mirrors several derivative lawsuits filed by the same plaintiff's counsel in *federal* court in California against Facebook, The Gap, NortonLifeLock, Oracle and Qualcomm. *See Ocegueda v. Zuckerberg et al.*, Case No. 3:20-cv-04444-LB (N.D. Cal.); *Lee v. Fisher et al.*, Case No. 3:20-cv-06163-SK (N.D. Cal.); *Esa v. Pilette et al.*, Case No. 3:20-cv-05410-RS (N.D. Cal.), *Klein v. Ellison et al.*, Case No. 3:20-cv-04439-JSC (N.D. Cal.); *Kiger v. Mollenkopf et al.*, Case No. 3:20-cv-01355-TWR-MDD (S.D. Cal.). Just as here, each of these purported derivative suits challenges public statements on diversity and inclusion contained in the proxy materials of the respective companies. Such claims must be brought in federal court. In fact, plaintiff's counsel has admitted as much, publicly stating that "these are all really proxy law claims," that "the hook was really the proxy rules," and that plaintiffs "have to go into federal court because a 14(a) claim has to be brought exclusively in federal court." *See* September 15, 2020 interview of plaintiff's counsel, in conference sponsored by Professional Liability Underwriting Society, *available at* https://player.vimeo.com/video/458299313.

4. Plaintiff first served Cisco on October 5, 2020.[1] Therefore, this Notice of Removal is timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (thirty-day removal period begins when a defendant is served with the summons and complaint, not by "mere receipt of the complaint unattended by any formal service").

---

[1] The individual defendants were served on October 28, 2020, the date on which defense counsel returned notices and acknowledgment of receipt of summons and complaint.

5. Santa Clara County, where the State Court Action was pending, is located within the United States District Court for the Northern District of California. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on or filed by defendants are attached as Exhibit A.

6. No previous notice of removal has been filed in this case.

## II.  REMOVAL IS PROPER

7. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have "original jurisdiction" in such cases. Federal courts also have exclusive jurisdiction over claims arising under Section 14(a) of the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78aa.

8. As noted above, this is (at least) the sixth in a series of lawsuits filed by the same plaintiff's counsel challenging diversity-related disclosures in corporate proxy statements. The first five suits were filed in federal court because they contained claims for violations of Section 14(a). Meanwhile, one day prior to plaintiff's initiation of the *Sanchez* case, a different plaintiff's firm filed the *City of Pontiac* case against substantially the same parties in federal court, also alleging violations of Section 14(a). Perhaps recognizing that *Sanchez* would be the second federal derivative action pertaining to Cisco's diversity disclosures, plaintiff's counsel decided to deviate from his stated strategy of suing under Section 14(a), jettisoned that claim, and has attempted to proceed in state court. Plaintiff, however, cannot so easily plead around federal court jurisdiction.

9. The breach of fiduciary duty claims still hinge on allegedly false and misleading statements contained in Cisco's proxy statements such that the state law claims rise and fall on plaintiff's ability to prove the violation of a federal duty—specifically, the duties imposed by Section 14(a) (and SEC Rule 14a-9). Plaintiff has conceded as much, repeatedly alleging that defendants have "violated the federal proxy laws" and that the proxy statements allegedly contain false and misleading statements (Compl. ¶¶ 17, 144; *see id.* ¶¶ 13, 24-25, 60, 76, 85-90, 92-94, 97-100, 102-06, 113, 121-23, 126). Accordingly, like the other cases filed by the same counsel against other companies, and like the *City of Pontiac* case involving Cisco, the *Sanchez*

FENWICK & WEST LLP
ATTORNEYS AT LAW

Complaint arises under federal law (*i.e.*, the Securities Exchange Act of 1934) and is subject to removal pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 78aa.

### III.  THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

10. Defendants possess the power to remove this case as named defendants under 28 U.S.C. § 1441.

11. Removal to this judicial district is proper under 28 U.S.C. §§ 1441 and 1446(a) and Local Rule 3-2(d) because it includes Santa Clara County, where the State Court Action was originally pending.

12. All named defendants consent to the removal of the action. Moreover, the Complaint does not identify any "Doe" defendants with particularity. Thus, there are no remaining defendants to consent to this notice of removal.

13. Contemporaneously with the filing of this Notice of Removal, written notice of such filing will be served on plaintiff's counsel: Francis A. Bottini, Jr., Bottini & Bottini, Inc., 7817 Ivanhoe Avenue, Suite 102, La Jolla, California 92037. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of California, County of Santa Clara. A copy of the state court notice (without exhibits) is attached hereto as Exhibit B.

### IV.  NO WAIVER OF DEFENSES

14. By removing this action, defendants do not waive any defenses available to them, including but not limited to those under Fed. R. Civ. P. 12(b) and 12(c). By way of setting forth the bases for removal in this Notice, defendants do not concede the truth of the allegations in the Complaint.

### V.  CONCLUSION

WHEREFORE, having provided notice as is required by law, the above-entitled action is hereby removed from the Superior Court of California for the County of Santa Clara to this Court.

Dated: November 2, 2020          FENWICK & WEST LLP

By: */s/ Dean S. Kristy*
     Dean S. Kristy

Attorneys for Defendants Chuck Robbins, Mark

Chandler, Francine Katsoudas, Kelly A. Kramer, M. Michele Burns, Wesley G. Bush, Michael D. Capellas, Mark Garrett, Dr. Kristina M. Johnson, Roderick C. McGeary, Arun Sarin, KBE, Brenton L. Saunders, Dr. Lisa Su and Nominal Defendant Cisco Systems, Inc.